# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Overjet, Inc., | **[Jury Trial Demanded]** |
| Plaintiff, | **[Preliminary Injunction Requested]** |
| v. | Case No. _____ |
| VideaHealth, Inc., |  |
| Defendant. |  |

## COMPLAINT

Overjet, Inc., by and through its counsel, Sunstein LLP, brings this Complaint against VideaHealth, Inc. and alleges as follows:

## INTRODUCTION

1.      This action arises out of VideaHealth's misconduct.  Specifically, Overjet brings claims for trademark infringement, copyright infringement, patent infringement, false advertising, and unfair competition against VideaHealth.  VideaHealth's actions have caused irreparable damage to Overjet's goodwill, reputation, relationships with customers and other business partners, and resulted in the dilution of Overjet's intellectual property.  If the Court does not stop VideaHealth soon, Overjet will continue to be irreparably damaged.  For these reasons, this Complaint is accompanied by a motion for a preliminary injunction seeking to prevent VideaHealth from continuing its infringement, false advertising, and unfair competition during the course of this litigation.  In addition to that preliminary relief, Overjet seeks, among other things, permanent

injunctive relief enjoining VideaHealth from any further infringement, false advertising, and unfair competition, and/or damages related to rest of VideaHealth's misconduct.

## PARTIES

2.      Overjet, Inc. ("Overjet") is a corporation incorporated under the laws of Delaware with its principal place of business at 50 Milk Street, Boston, Massachusetts 02108.

3.      Upon information and belief, VideaHealth, Inc. ("VideaHealth") is a corporation incorporated under the laws of Delaware with its principal place of business at 19 Kingston Street, Floor 3, Boston, Massachusetts 02111.

## JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction over the federal law claims under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1138(a)-(b) (trademark, copyright, patent, and unfair competition), and 15 U.S.C. § 1121 (Lanham Act).

5.      This Court has supplemental subject matter jurisdiction over the state law and common law claims under 28 U.S.C. § 1367(a).

6.      This Court has both specific and general personal jurisdiction over Defendant VideaHealth. Pursuant to due process and the Massachusetts long-arm statute, Mass. Gen. Laws Ch. 223A, § 3, Defendant VideaHealth is subject to this Court's specific personal jurisdiction because this cause of action arises from: (1) VideaHealth's business transactions in Massachusetts; and (2) VideaHealth causing tortious injury to Overjet by acts within Massachusetts, specifically by infringing Overjet's trademark, copyright, and patent rights through acts in Massachusetts. Defendant VideaHealth is subject to this Court's general personal jurisdiction because it has continuous and systematic general business contacts in Massachusetts and the exercise of jurisdiction would be reasonable.

7.     Venue is proper in this district under 28.U.S.C. §§ 1391(b)-(c) and  28 U.S.C. § 1400 because, *inter alia*, Defendant VideaHealth resides in this jurisdiction and is subject to personal jurisdiction in Massachusetts, and a substantial part of the events giving rise to the claims in this action arose or occurred in this district.

## FACTS AND BACKGROUND

### A.  Overjet's Innovative Dental AI Technology

8.     Plaintiff Overjet, Inc. was formed in Delaware on August 24, 2018, with its corporate headquarters in Boston, Massachusetts.

9.     Overjet is a global leader in dental artificial intelligence ("AI"), helping both payers and providers improve patient care.  By combining deep expertise in dentistry and advanced engineering, Overjet develops accurate and quantified ways to detect pathologies and integrates actionable insights into systems and workflows.  Overjet uses AI to scan dental radiographic X-rays and detect dental diseases.  Private practices, dental service organization (DSOs), and insurance companies rely on the accurate information provided by Overjet's FDA-cleared platform to drive care and service to patients.

10.    Overjet is the only dental AI company with United States Food and Drug Administration (FDA) clearance for performing dental detection and segmentation to outline exactly where pathologies exist.

11.    Overjet's competitors in the Dental AI space are only FDA-cleared to perform a "bounded box" approach in connection with dental assessment technology.  A bounded box approach is a "detection" approach that can localize and distinguish between objects within an x-ray image, and can place a "box" around the area detected, such as an area on a specific tooth where caries were

found.  However, the bounded box approach <u>does not</u> detect the exact border and extent of the caries[1] on the tooth, unlike Overjet's "segmentation" approach.

12.     By way of example, in a blog post dated April 5, 2021, VideaHealth describes the three broad categories of computer vision, a subfield of Machine Learning that focuses on the understanding and processing of visual data, such as images: (1) "Classification: refers to a type of labeling where a given x-ray/image is assigned certain concepts. For example, we might ask the algorithm a specific question such as 'Is the image quality readable?' or 'Are there any caries present in the image?'" (2) "Detection: is a computer vision technique that deals with localizing and distinguishing between objects with an x-ray or image"; and (3) "Segmentation: Segmentation models provide the exact outline of the object within an image" (e.g., the exact borders and extent of caries on a tooth).[2]



13.     The fact that Overjet is the only dental AI company with software cleared by the FDA for segmentation gives it a competitive advantage.  Overjet advertises this advantage to consumers on its website, press releases, social media, and presentations.  Its unique abilities and approach contribute to Overjet's success in the marketplace.

---

[1] "Caries" refers to "a progressive destruction of bone or tooth," such as a cavity. *See* https://www.merriam-webster.com/dictionary/caries#:~:text=caries-,noun,especially%20%3A%20tooth%20decay.
[2] https://www.videa.ai/blog-posts/ai-101-for-the-dental-industry. Image available at Appendix A, p. 1.

14.    Overjet has invested substantial resources creating and improving various iterations of its software since its inception. In early 2021, Overjet came up with a unique naming convention for its software products: "Overjet [X] Assist." For example, Overjet named various iterations of its product "Overjet Dental Assist," "Overjet Caries Assist," "Overjet Calculus Assist," "Overjet Periapical Radiolucency Assist," and "Overjet Charting Assist" (collectively, the "Overjet Software").[3] This naming convention is not a standard way of describing AI software in the dental industry and was originated by Overjet to brand identify its product line.

15.    On January 25, 2021, Overjet applied for 510(k) Premarket clearance of its "Overjet Dental Assist" product (FDA 510(k) No. K210187), which was cleared by the FDA on May 19, 2021. As described in the 510(k) Clearance Summary, the Overjet Dental Assist product is a radiological semi-automated image processing software intended to aid dental professionals in the measurements of mesial and distal bone levels associated with each tooth from bitewing and periapical radiographs.[4] The application to the FDA and the FDA Clearance Summary describe the trade name of the product as "Overjet Dental Assist." The identified patient population is anyone over the age of 21 receiving dental care, meaning potentially most adults in the United States.

16.    On August 10, 2021, Overjet applied for 510(k) Premarket clearance of its Overjet Caries Assist ("Caries Assist") product (FDA 510(k) No. K212519), which was cleared by the FDA on May 10, 2022, which allows segmentation of caries on bitewing radiographs.[5] Specifically, Caries Assist is a radiological concurrent read computer-assisted detection software intended to aid in the detection and segmentation of caries on bitewing radiographs and periapical radiographs. The

---

[3] *See, e.g.,* https://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfpmn/pmn.cfm.
[4] *See* https://www.accessdata.fda.gov/cdrh_docs/pdf21/K210187.pdf.
[5] *See* https://www.accessdata.fda.gov/cdrh_docs/pdf21/K212519.pdf.

device provides additional information for the clinician to use in their diagnosis of a tooth surface suspected of being carious. In this submission, the Caries Assist software was indicated for use on patients at least 18 years of age, meaning potentially any adult in the United States.

17.     On September 12, 2022, Overjet applied for 510(k) Premarket clearance of another version of Caries Assist, which allows segmentation of caries on periapical radiographs, in addition to bitewing radiographs (FDA 510(k) No. K222746). On March 27, 2023, the FDA cleared the improved Caries Assist, which expanded the age range and image type and improved model accuracy for caries.[6] In this approval, the FDA cleared the Caries Assist software for use on patients 12 years and older, meaning potentially any pediatric patient aged 12-17 and any adults in the United States.

18.     On March 31, 2022, Overjet applied for 510(k) Premarket clearance of its "Overjet Calculus Assist" product (FDA 510(k) No. K220928), which was cleared on December 16, 2022.[7] Overjet Calculus Assist is a radiological automated concurrent-read computer-assisted detection software intended to aid in the detection of interproximal calculus deposits on both bitewing and periapical radiographs. The Overjet Calculus Assist software is indicated for use on patients 18 years of age or older, meaning potentially any adult in the United States.

19.     On June 9, 2023, Overjet applied for 510(k) Premarket clearance of its "Overjet Periapical Radiolucency Assist" product (FDA 510(k) No. K231678), which was cleared on September 21, 2023.[8] Overjet Periapical Radiolucency (PARL) Assist is a radiological, automated, concurrent read computer-assisted detection software intended to aid in the detection of periapical radiolucencies on permanent teeth captured on periapical radiographs. The Overjet Periapical

---

[6] *See* https://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfpmn/pmn.cfm?ID=K222746.
[7] *See* https://www.accessdata.fda.gov/cdrh_docs/pdf22/K220928.pdf.
[8] *See* https://www.accessdata.fda.gov/cdrh_docs/pdf23/K231678.pdf.

Radiolucency Assist software is indicated for use on patients 12 years of age or older, meaning

potentially any pediatric patient aged 12-17 and any adult in the United States.

20.     On February 23, 2024, Overjet received FDA clearance for its Overjet Charting Assist."

21.     Overjet's software operates in three layers – a Network Layer, a Decision Layer, and a

Presentation Layer. Images are pulled in from a clinic/dental office, and the Machine Learning

model creates predictions in the Decision Layer, and the results are pushed back to the dashboard,

which are in the Presentation Layer. The Machine Learning System within the Decision Layer

processes bitewing radiographs and annotates with various findings such as suspected carious

lesions, including by providing a segmentation mask for each tooth number.

### B. Overjet's U.S. Federal Registration and Use of the DENTAL ASSIST mark

22.     Since at least as early as May 2021, Overjet has marketed and sold its software services for

use by dentists and hygienists to detect and measure dental disease in connection with the

DENTAL ASSIST trademark (the "DENTAL ASSIST Mark") to customers in the United States,

including, without limitation to dental practices and DSOs, including customers in Massachusetts.

23.     Overjet promotes its software services in connection with the DENTAL ASSIST Mark

across the United States through its website, www.overjet.ai, social media, YouTube, print and

digital marketing materials, presentations and lectures to customers and potential customers, and

through its active participation at industry conferences.

24.     Overjet has invested a substantial amount of time, money, and effort to advertise and

promote its software services in connection with the DENTAL ASSIST Mark in the United States.

25.     Overjet owns a United States federal trademark registration for the mark DENTAL

ASSIST (Reg. No. 7,124,822) in connection with "Software as a medical device service (SAAS)

services featuring software used by dentists and hygienists to detect and measure dental disease"

in International Class 44. Overjet applied to register this mark on April 22, 2022, and it was registered on August 1, 2023, with a first use date of May 2021.

26.    A true and correct copy of Registration No. 7,124,822 is attached as Exhibit A hereto.

27.    Through Overjet's significant promotional activities and media attention, its DENTAL ASSIST Mark embodies extensive goodwill and industry recognition.

**C.  Overjet's distinctive Anatomical Structures Visualization Tool and related copyright protection**

28.    Throughout its history, Overjet has created several design iterations of its software to help users visualize the detection and segmentation of various findings on dental radiographic images. Overjet carefully selects and arranges the visualizations in its software outputs as part of its branding efforts.

29.    In the fall of 2023, Overjet launched its "Anatomical Structures Visualization Tool" of Overjet Caries Assist, which presented unique color schemes, shapes, and designs to highlight various findings on the dental radiographic images.

30.    Using creative authorship, each of the findings that is generated by the code to annotate dental radiographic images is represented by a unique color and shape. By way of example, as shown in the image below, each tooth is segmented.[9] The white represents enamel. The purple represents the pulp of each tooth. The bright green line with a dot on either end provides measurements of bone levels relevant to the evaluation of periodontal disease. The reddish represents areas of decay. Overjet made the artistic choice to fill in the areas of decay with specific translucencies.

---

[9] https://www.overjet.ai/product/clinical-intelligence-platform/. *See* Appendix A, p. 2.



31.    Overjet introduced its new Anatomical Structures Visualization Tool in written and video-recorded materials presented to one of its customers, Heartland Dental, a top DSO, on November 15, 2023.

32.    A representative image of the Anatomical Structures Visualization Tool that was shared with Heartland is shown below on the right, next to an image of a radiograph without Overjet's annotations[10].



---

[10] *See* Appendix A, p. 3.

33.    With the Anatomical Structures Visualization Tool, the Overjet Software highlights the enamel and dental pulp with vibrant colors that contrast with the gray scale on the radiograph. Users can toggle these visualizations on and off with a dashboard slider or keyboard shortcuts. These visualizations can help with patient assessment, diagnosis, and treatment planning.

34.    Overjet touts the Anatomical Structures Visualization Tool to customers and potential customers as a tremendous aid in patient education when it comes to explaining dental anatomy, disease detection, and disease progression on radiographs, as well as the proximity to vital structures such as the pulp. Highlighting enamel and pulp allows for a richer understanding of the nature and severity of disease progression and a visual that matches dentists' quantified AI finding.

35.    Overjet chose the design and colors for the output intentionally as an effort to brand its product. For example, Overjet selected the purple color to represent the pulp because it complements Overjet's purple brand colors and serves as a brand identifier.

36.    The design and appearance of Overjet's product, including the specific colors used for segmentation of the output images identify the Overjet product to consumers since at least as early as August 2023.

37.    The combination of design elements is creative, distinctive, and non-functional, and the specific combination of design elements is not required for use of Overjet's services and software or as a diagnostic necessity.

38.    Overjet's unique design interface and unique choice of colors and arrangement is well known to the relevant consumers through consistent use by Overjet and promotion by Overjet. Overjet has an established place as a leader in the dental AI market, and Overjet's design is associated with the high-quality products and services that Overjet is known for in the market, including its FDA-cleared capability for segmentation.

39.    Overjet, Inc. is the owner of U.S. Copyright Registration Number TX 9-344-133 for its computer program titled "Overjet Code 2022," which was first published on April 26, 2022. The copyright registration for "computer program" covers the copyrightable expression in the program code and the copyrightable expression in screen displays that the program code generates.

40.    A true and correct copy of U.S. Copyright Registration Number TX 9-344-133 is attached as Exhibit B hereto.

41.    U.S. Copyright Registration Number TX 9-344-133 has not expired and is in full force and effect.

42.    Overjet, Inc. is the owner of U.S. Copyright Registration Number TX 9-344-155 for its computer program titled "Overjet Code 2023," which was first published on September 21, 2023 (together with Copyright Registration No. TX 9-344-133, the "Copyrighted Works").  The copyright registration for "computer program" covers the copyrightable expression in the program code and the copyrightable expression in screen displays that the program code generates.

43.    A true and correct copy of U.S. Copyright Registration Number TX 9-344-155 is attached as Exhibit C hereto.

44.    U.S. Copyright Registration Number TX 9-344-155 has not expired and is in full force and effect.

45.    An example of the screen displays generated by Overjet's copyrighted computer programs is shown below[11].

---

[11] *See* Appendix A, pp. 2.



46.     The image above can be viewed by the public on Overjet's website, www.overjet.ai.

**D. Overjet's Patented Technology**

47.     On October 26, 2021, the United States Patent and Trademark Office duly and lawfully issued to Overjet U.S. Patent No. 11,158,046 (the "'046 Patent") entitled "Estimating Measurements of Craniofacial Structures in Dental Radiography."

48.     A true and correct copy of the '046 Patent is attached hereto as Exhibit D and incorporated by reference.

49.     The '046 Patent discloses a novel system and method for providing segmentation and measurements of dental radiographic images.

50.     The claims of the '046 Patent recite one or more inventive concepts that produce a more accurate approximation of absolute and relative measurements of oral structures featured within a radiographic image.

51.     The '046 Patent teaches a technological solution in the form of novel, unconventional computer technology.

52. Accordingly, each claim of the '046 Patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

53. Representative Claim 10 of the '046 Patent is reproduced below for convenience:

10. A method for providing a calibrated measurement of an oral structure in a dental radiograph image comprising:

receiving a dental radiographic Image that includes the oral structure;

selecting a segmenter and an object detector;

predicting masks and points of the oral structure using the segmenter and the object detector;

providing image metadata comprising the masks and points and the dental radiographic image to a selector;

selecting by the selector at least one measurement method of a set of measurement methods according to the dental radiographic image and the image metadata;

calculating a sensor pixel to mm (millimeter) ratio using the measurement method; and

calculating a calibrated measurement of the oral structure using the sensor pixel to mm ratio and the image metadata.

54. The '046 Patent has not expired and is in full force and effect.

### E. VideaHealth's Software Products and FDA Clearance

55. Upon information and belief, VideaHealth, Inc. ("VideaHealth") was formed in Delaware on August 24, 2018, with its corporate headquarters in Boston, Massachusetts.

56. VideaHealth is a dental artificial intelligence company that offers dental providers dental AI technology. VideaHealth uses AI to scan X-rays and detect dental diseases.

57. VideaHealth is a direct competitor of Overjet.

58.    VideaHealth and Overjet compete for the same customers and market their products in the same forums, including at trade shows and dental conferences.

59.    VideaHealth adopted a naming convention for its software products identical to Overjet's product naming convention, namely "Videa Caries Assist," "Videa Perio Assist," and "Videa Dental Assist," in a direct attempt to copy and/or trade off the good will associated with Overjet's products.

60.    On December 6, 2021, VideaHealth filed a 510(k) application with the FDA (K213795) for Videa Caries Assist, which was cleared on April 21, 2022.[12]

61.    The VideaHealth FDA 510(k) application for "Videa Caries Assist" was filed four months after Overjet's FDA 510(k) application for "Overjet Caries Assist," which was filed on August 10, 2021.

62.    Videa Caries Assist was cleared by the FDA as a "computer-assisted detection (CADe) device that analyzes intraoral radiographs to identify and localize carious lesions." As stated in the FDA 510(k) Clearance Summary, "[p]rovided proper authentication and a bitewing image, the device returns a set of bounding boxes representing the carious lesions detected." [13]

63.    VideaHealth's Caries Assist software is only FDA-cleared for the "bounding box" approach and not for segmentation.

64.    A representative image of VideaHealth's bounded box approach is shown below, as seen on VideaHealth's website.[14]

---

[12] *See* https://www.accessdata.fda.gov/cdrh_docs/pdf21/K213795.pdf.
[13] *See* https://www.accessdata.fda.gov/cdrh_docs/pdf21/K213795.pdf .
[14] *See*  https://www.videa.ai/. *See* Appendix A, p. 4.



65.    On October 26, 2022, VideaHealth filed a 510(k) application with the FDA (K223296) for Videa Perio Assist, which was cleared on February 6, 2023. As stated in the 510(k) Summary, "Videa Perio Assist (VPA) software is a cloud-based AI-powered medical device for the automatic measurement of tooth interproximal alveolar bone level in dental radiographs. The device itself is available as an API (Application Programming Interface) behind a firewalled network. The device returns 1) a series of points with connecting lines measuring the mesial and distal alveolar bone levels associated with each tooth 2) this distance expressed in millimeters and/or as a percentage of the root length."[15]

66.    On August 8, 2023, VideaHealth filed a 510(k) application with the FDA (K232384) seeking clearance of the VIDEA DENTAL ASSIST device. The FDA granted 510(k) clearance on December 15, 2023, and the FDA clearance summary became available in January 2024.[16]

67.    The VideaHealth FDA 510(k) application for "Videa Dental Assist" was filed over two years after Overjet's FDA 510(k) application for "Overjet Dental Assist" was cleared in May 2021.

---

[15] *See* https://www.accessdata.fda.gov/cdrh_docs/pdf22/K223296.pdf.
[16] *See* https://www.accessdata.fda.gov/cdrh_docs/pdf23/K232384.pdf.

68.     The VideaHealth FDA 510(k) application for "Videa Dental Assist" was filed after Overjet obtained a Federal U.S. Trademark registration for DENTAL ASSIST on August 1, 2023 (Reg. No. 7,124,822).

69.     As stated in the 510(k) Clearance summary, "Videa Dental Assist (VDA) software is a cloud-based AI-powered medical device for the automatic detection of the features listed in the Indications For Use statement in dental radiographs. The device itself is available as a service via an API (Application Programming Interface) behind a firewalled network. Provided proper authentication and an eligible bitewing, periapical or panoramic image, the device returns a set of bounding boxes representing the suspect dental finding, historical treatment or normal anatomy detected."[17]

70.     VideaHealth's Dental Assist software is only cleared by the FDA for the "bounding box" approach and not for segmentation.

71.     Historically, VideaHealth used "bounding boxes" to indicate a suspect dental finding, historical treatment, or normal anatomy detected, as shown below.[18]

---

[17] *See* https://www.accessdata.fda.gov/cdrh_docs/pdf23/K232384.pdf.
[18] *See* https://www.videa.ai/. *See* Appendix A, p. 4.



**F.  VideaHealth's Infringing Use of Overjet's DENTAL ASSIST trademark**

72.    Upon information and belief, following the 510(k) clearance for "Videa Dental Assist," beginning at least as early as January 4, 2024, VideaHealth started marketing its software as VIDEA DENTAL ASSIST. For example, on the home page of its website, www.videa.ai, VideaHealth advertises "30+ new FDA-cleared dental detections on VideaAI. Meet Videa Dental Assist," as shown below. The page links to a video available on YouTube titled, "Introducing Videa Dental Assist on VideaAI."[19]

**30+ new FDA-cleared dental detections on VideaAI. Meet Videa Dental Assist.**



---

[19] www.videa.ai.

73.     In a blog post dated January 4, 2024, available on VideaHealth's website, VideaHealth announced the FDA clearance for the VIDEA DENTAL ASSIST product, which VideaHealth advertises as "the largest FDA clearance in dental AI and the first in pediatric dental AI."[20] The blog post references the VIDEA DENTAL ASSIST mark several times and provides a link to the same YouTube video described above titled, "Introducing Videa Dental Assist on VideaAI."

74.     VideaHealth has also referenced VIDEA DENTAL ASSIST in posts on its LinkedIn page.[21]

75.     VideaHealth has been using the VIDEA DENTAL ASSIST mark in connection with images that copy the exact design, look, and feel of the Overjet Software, including Overjet's proprietary Anatomical Structures Visualization Tool.

76.     For example, "VIDEA DENTAL ASSIST" is displayed in a video on VideaHealth's YouTube page along with the below images.[22]



---

[20] https://www.videa.ai/blog-posts/videahealth-achieves-landmark-fda-clearance-for-30-dental-conditions-heres-what-you-need-to-know.

[21] *See, e.g.*, https://www.linkedin.com/posts/videahealth_dentalai-videahealth-dsos-activity-7148315009926791169-UPhu?utm_source=share&utm_medium=member_desktop.

[22] *See, e.g.*, https://www.videa.ai/; https://www.youtube.com/watch?v=rgkRwPpR42U&t=70s. *See* Appendix A, p. 5.

77.     Use of the VIDEA DENTAL ASSIST mark in connection with these images improperly causes a likelihood of confusion with Overjet's own DENTAL ASSIST mark and software.

78.     Registration of Overjet's DENTAL ASSIST trademark on the Principal Register provided constructive notice to VideaHealth of Overjet's trademark rights in the DENTAL ASSIST mark.

79.     It is common practice within the competitive dental AI industry to monitor the release of products by competitors. Upon information and belief, VideaHealth knew or should have known about Overjet's DENTAL ASSIST software product.

80.     Use of the VIDEA DENTAL ASSIST mark in connection with dental AI software, especially in connection with the infringing images above, demonstrates VideaHealth's intentional and willful infringement of Overjet's intellectual property and efforts to mislead consumers, and trade off of Overjet's hard-earned goodwill and reputation, and copy Overjet's innovative technology and unique aesthetic designs.

81.     VideaHealth offers its VIDEA DENTAL ASSIST software as a medical device service for use by dentists and hygienists to detect and measure dental disease. VideaHealth's services are legally identical to the services with which Overjet registered its DENTAL ASSIST trademark.

82.     The dental AI services promoted and sold in connection with the VIDEA DENTAL ASSIST Mark are identical or highly similar to Overjet's services promoted and sold in connection with Overjet's registered DENTAL ASSIST trademark, as set forth in the paragraphs above.

83.     VideaHealth uses and displays the VIDEA DENTAL ASSIST mark on its website, promotional materials, industry conferences, and social media to market and promote its new software within the dental industry.

84.    VideaHealth markets and sells its dental AI software under the VIDEA DENTAL ASSIST

mark in the same geographic regions that Overjet markets and sells its DENTAL ASSIST software,

including, among other geographic locations, in the Commonwealth of Massachusetts.

85.    As a result of VideaHealth's marketing and sale of its dental AI software in connection

with the VIDEA DENTAL ASSIST mark, consumers are likely to be confused such that

consumers will erroneously believe that VideaHealth is affiliated, connected, or associated with,

or in some way related to Overjet or the Overjet dental AI software offered under the registered

DENTAL ASSIST trademark.

**G.  VideaHealth's Unlawful Copying and Marketing of Overjet's Visualization Tool**

86.    Beginning at least as early as December 9, 2023, VideaHealth started to use and/or to

advertise its ability to use segmentation instead of bounding boxes, as shown in the image below

("Infringing Image 1")[23].



87.    VideaHealth's use of Infringing Image 1 marked a shift away from its historical bounded

box approach to a segmentation approach in a manner that directly copies the design and

intellectual property of Overjet's Anatomical Structures Visualization Tool.

---

[23] *See* https://www.videa.ai/dental-ai-survey. *See* Appendix A, p. 6.

**VideaHealth
Historical Bounded Box
Image[24]**



**VideaHealth
New Segmentation Infringing
Image[25]**



**Overjet Anatomical
Structures Visualization Tool
Image[26]**



---

88.     By the fall of 2023, VideaHealth and Overjet were both being considered for a formal partnership with an entity called Heartland Dental, the nation's largest DSO. Overjet also currently works with over one hundred and fifty Heartland Dental offices.

89.     Overjet met with representatives from Heartland Dental on numerous occasions in anticipation of Heartland Dental's formal partnership. During those meetings, Overjet shared information and images demonstrating Overjet's segmentation capabilities and Anatomical Structures Visualization Tool, including the images protected by copyright registrations as screen displays of registered computer programs.

90.     Just weeks after Overjet met with Heartland Dental leadership in November 2023, Heartland Dental announced on December 5, 2023, that it had selected VideaHealth as its dental AI partner.

91.     During Heartland Dental's Winter Conference, on December 9, 2023, VideaHealth displayed an image ("Infringing Image 2")[27] (together with Infringing Image 1 and Infringing Images 3-6, defined below, the "Infringing Images"), shown below, that represents a direct copy of Overjet's unique Anatomical Structures Visualization Tool, which violates Overjet's copyrights and that falsely advertises a segmentation capability for which VideaHealth's product is not cleared by the FDA.

---

[27] Image available at Appendix A, p. 7.



92.     VideaHealth falsely advertised that it had the ability to offer software that performed dental segmentation—a capability for which the FDA has not cleared VideaHealth's software. As noted above, Overjet is the only dental AI company with software that has been cleared by the FDA for segmentation.

93.     VideaHealth also prominently displayed at least one of the Infringing Images at its booth at the Heartland Winter Conference, as seen in the image below.[28]



---

[28] https://www.linkedin.com/posts/videahealth_the-videahealth-team-is-out-in-full-force-ugcPost-7138978803816525824-ZVny/?utm_source=share&utm_medium=member_desktop. *See* Appendix A, p. 8.

94.    Upon information and belief, VideaHealth's Founder and CEO, Florian Hillen, presented at the Heartland Winter Conference in front of a reported 3,500 attendees, including dentists, hygienists, directors, and managers of dental practices, and displayed images that demonstrate the ability to perform segmentation and that copy Overjet's Anatomical Structures Visualization Tool.[29]



95.    Infringing Image 1 is also available on VideaHealth's website, shown below.[30]



---

[29] *See* https://www.linkedin.com/feed/update/urn:li:activity:7139704565314019328/. *See* Appendix A, p. 9.

[30] https://www.videa.ai/dental-ai-survey. *See* Appendix A, p. 10.

96.    Infringing Image 1 is available on a blog post published by VideaHealth on January 29, 2024, under which VideaHealth expressly identifies it as "VideaAI's patient view showing a segmented x-ray," as shown below.[31]



VideaAI's patient view showing a segmented x-ray.

97.    Another of the Infringing Images is available on the same blog post published by VideaHealth, also identified as "VideaAI's patient view showing a segmented x-ray," as shown below ("Infringing Image 3").[32]



VideaAI's patient view showing a segmented x-ray

---

[31] https://www.videa.ai/blog-posts/beyond-words-videahealths-ai-and-the-future-dental-patient-education. *See* Appendix A, p. 11.

[32] https://www.videa.ai/blog-posts/beyond-words-videahealths-ai-and-the-future-dental-patient-education. *See* Appendix A, p. 12.

25

98.    Another of the Infringing Images is available on the same blog post published by VideaHealth, as shown below ("Infringing Image 4").[33]



99.    The Infringing Images are displayed on several videos posted to VideaHealth's YouTube page. For example, VideaHealth also posted a video on its YouTube channel entitled "See why this Hygienist loves VideaHealth," in which she too prominently displays and discusses the image below and discusses the choice of color ("Infringing Image 5").[34]



---

[33] https://www.videa.ai/blog-posts/beyond-words-videahealths-ai-and-the-future-dental-patient-education. *See* Appendix A, p. 13.
[34] https://www.youtube.com/watch?v=3iFFAG3UKmw. *See* Appendix A, p. 14.

100.    The Infringing Images are also displayed on additional videos posted to VideaHealth's YouTube page.[35]

101.    Another infringing image is available on a blog post published by VideaHealth on February 15, 2024[36] ("Infringing Image 6"), shown below.



102.    The Infringing Images incorporate all of the protected elements of Overjet's copyright, including the use of white representing enamel, purple representing pulp, reddish representing areas of decay, and bright green lines with dots on the end providing measurements of bone levels.

103.    Infringing Image 1 is virtually identical or substantially similar to Overjet's copyright-protected screen displays of its Anatomical Structures Visualization Tool (left).

---

[35] *See, e.g.* https://www.youtube.com/watch?v=ZC7hgyX0R5s and https://www.youtube.com/watch?v=FZ6JZvs1AsU&t=19s.
[36] https://www.videa.ai/blog-posts/ai-in-pediatric-dentistry-shaping-the-future-of-childrens-dental-care. *See* Appendix A, p. 15.

 

**Overjet Image[37]**          **VideaHealth Infringing Image 1[38]**

104.    Upon information and belief, VideaHealth adopted Overjet's design in order to copy Overjet.

105.    The Infringing Images infringe Overjet's copyrights, including U.S. Copyright Registration Nos. X 9-344-133 and TX 9-344-155.

106.    Including for the reasons that follow, VideaHealth also has intentionally and willfully infringed the Copyrighted Works.

107.    VideaHealth had direct access to the Copyrighted Works through Overjet's website.

108.    Overjet's website contains a copyright notice on every webpage, including the webpage that displays the Copyrighted Works.[39]

109.    At the time that VideaHealth copied the Copyrighted Works and displayed the Infringing Images, it knew or should have known that the Copyrighted Works were protected by copyright.

110.    VideaHealth further knew or should have known at all relevant times that Overjet owned all rights to the Copyrighted Works and that VideaHealth would need to obtain permission from Overjet to use the Copyrighted Works and display and distribute the Infringing Images.

---

[37] *See* Appendix A, p. 2.
[38] *See* Appendix A, p. 6.
[39] *See* https://www.overjet.ai/product/clinical-intelligence-platform/.

111.    VideaHealth also has a history of copying Overjet.

112.    As described above, VideaHealth copied Overjet when it adopted the infringing trademark VIDEA DENTAL ASSIST.

113.    VideaHealth copied the nomenclature of the products that Overjet has submitted for FDA 510(k) clearance, including for the "Dental Assist" and "Caries Assist" products, as described above.

114.    In addition to copying Overjet's DENTAL ASSIST trademark, product nomenclature, and Copyrighted Works, VideaHealth has also copied Overjet's announcements and other material.

115.    For example, on February 22, 2022, after the United States Patent and Trademark Office issued U.S. Patent No. 11,158,046 (the "'046 Patent") to Overjet, Overjet published the announcement image below, along with a press release about the patent.[40]



---

[40]*See* www.overjet.ai/news/overjet-secures-u-s-patent-for-its-revolutionary-ai-technology-enabling-accurate-measurements-on-dental-x-rays/. *See* Appendix A, p. 16.

116.    On January 25, 2023, after the United States Patent and Trademark Office issued U.S. Patent No. 11,553,874 to VideaHealth, VideaHealth published the announcement below on its LinkedIn page, along with a link to a press release about the new patent.[41]



117.    Even VideaHealth employees appear to recognize the fact that VideaHealth routinely copies Overjet. For example, a review dated October 26, 2023, from a former employee available on the website www.Glassdoor.com, indicates that VideaHealth is a "copy and paste of OverJet," as shown below.[42]

---

[41] *See* www.linkedin.com/posts/videahealth_dentistry-artificialintelligence-activity-7024015400564609024-_D00/. *See* Appendix A, p. 17.
[42] *See* www.glassdoor.com/Reviews/VideaHealth-Reviews-E3269322.htm?filter.iso3Language=eng. *See* Appendix A, p. 18.



### H. VideaHealth's Additional False and Misleading Statements

118.    VideaHealth has made several false and misleading statements in advertising its products.

119.    As described above, on information and belief, beginning at least as early as December 9, 2023, VideaHealth started to use and/or to advertise its ability to use segmentation instead of bounding boxes and color sharing of dental anatomy, as shown in Infringing Image 1, below.[43]



---

[43] *See* Appendix A, p. 6.

120.    For example, in a post on LinkedIn, shown below, which has since been removed, VideaHealth clearly and openly discusses the sale of a device that has visuals of caries segmentation, as shown below, not including bounding boxes.[44]



121.    VideaHealth's devices have not been cleared by the FDA for segmentation.

122.    Upon information and belief, VideaHealth sales representatives market and sell these unapproved device features to DSOs that provide dental services throughout the United States.

123.    For example, as shown in the Infringing Images, VideaHealth markets segmentation of caries on bitewing radiographs and segmentation of dental pulp, enamel, and existing restorations, as shown in the Infringing Images. However, VideaHealth's cleared FDA 510(k) submissions

---

[44] Formerly available at www.linkedin.com/feed/update/urn:li:activity:7140781973777592321/. *See* Appendix A, p. 19.

cover a "set of togglable bounding boxes around suspected lesions," not segmentation of caries, dental pulp, enamel, or existing restorations on radiographs.

124.   VideaHealth suggests that it is capable of depicting progression – i.e., showing providers predictions of quantifiable levels of caries depth change and bone level change over two specific dates.[45] However, VideaHealth's cleared FDA 510(k) submissions do not include progression.

125.   VideaHealth's falsely advertises the capability to "gauge the caries level in carious lesions," which is particularly problematic from a standard-of-care perspective because it is unclear what validation there is and what reference there is for establishing this "caries level," given that it is not described or cleared as part of VideaHealth's cleared FDA submissions.[46]

126.   In a blog post dated January 29, 2024, VideaHealth refers to "VideaHealth's AI segmentation (colored in toothparts and potential concerns)" and refers to the benefits of its "FDA-cleared annotations."[47] These statements are incredibly misleading to consumers and their patients, as VideaHealth does not have FDA clearance for segmentation, which is misleading to consumers who expect that the software has the advertised indicia of safety and effectiveness (i.e., FDA clearance and open sale on the market).

127.   In the same blog post dated January 29, 2024, immediately below an image displaying segmentation, VideaHealth states, "[M]any providers know they need to adopt AI but are looking to differentiate between providers. We suggest choosing an AI provider with the most FDA-

---

[45] *See* https://www.videa.ai/blog-posts/voluptate-aut-vel-et ("VideaHealth…to aid in the diagnosis and prediction of the progression of diseases such as caries or periodontitis.").

[46] *See* https://www.videa.ai/blog-posts/voluptate-aut-vel-et ("VideaHealth's artificial intelligence software that helps gauge the caries level in carious lesions").

[47] *See* https://www.videa.ai/blog-posts/beyond-words-videahealths-ai-and-the-future-dental-patient-education.

cleared annotations."[48] VideaHealth's blog post suggests that it has FDA clearance for segmentation, which it does not.

128.    This type of unauthorized marketing by VideaHealth of capabilities for which the FDA has not cleared VideaHealth's devices is very detrimental to Overjet's business. Overjet worked hard to have a device cleared by the FDA for caries segmentation. As the only dental AI company with FDA clearance to provide segmentation, this capability is a competitive advantage to Overjet. Additionally, Overjet recently provided a submission to the FDA for clearance on color shading of dental anatomy. That VideaHealth markets and sells devices with caries segmentation and color shading on dental anatomy without FDA clearance is harmful to Overjet's business, as, upon information and belief, Overjet is the only dental AI company with these capabilities cleared and/or pending clearance by the FDA.

129.    VideaHealth has defined "Detection" as "a computer vision technique that deals with localizing and distinguishing between objects within an x-ray or an image," and has defined "Segmentation" as "Segmentation models provide the exact outline of the object within an image."[49] Thus, VideaHealth understands the difference between detection and segmentation, but knowingly chooses to promote an ability to provide segmentation, a capability for which VideaHealth has no FDA-cleared product. This offer of segmentation services is false and misleading to consumers who expect that the software has the advertised indicia of safety and effectiveness (i.e., FDA clearance and open sale on the market).

130.    VideaHealth has made other inconsistent and misleading statements. For example, in a blog post published on the VideaHealth website on January 4, 2023, VideaHealth stated: "The

---

[48] *See* https://www.videa.ai/blog-posts/beyond-words-videahealths-ai-and-the-future-dental-patient-education.

[49] *See* https://www.videa.ai/blog-posts/ai-101-for-the-dental-industry.

importance of catching things early and making the most comprehensive AI was important enough to VideaHealth that they improved on the original caries model. This ensures world-class AI and makes VideaHealth *the only dental AI company* to spend the time and money to retest and improve models."[50]

131.    However, Overjet's original Overjet Caries Assist (510(k) No. K212519) was cleared by the FDA on May 10, 2022, and on September 12, 2022, Overjet applied for FDA clearance of an improved version of Caries Assist, which expanded the age range and image type and improved model accuracy for caries (510(k) No. K222746). The FDA cleared the improved Caries Assist on March 27, 2023. Thus, VideaHealth was not "the only dental AI company to spend the time and money to retest and improve models."

132.    In the same blog post published by VideaHealth on January 4, 2023, VideaHealth claims that VideaAI can "identify cysts," but there is no mention of identifying cysts in the 510(k) summary for VideaHealth's new product (510(k) No. K232384), and VideaHealth has not identified any predicate device that would have allowed the clearance of cysts. Accordingly, VideaHealth is falsely advertising additional capabilities that its products have not been cleared by the FDA to provide.

133.    In a video introducing VIDEA DENTAL ASSIST on VideaAI published on the homepage of VideaHealth's website, VideaHealth identifies VIDEA DENTAL ASSIST as "[t]he world's first pediatric dental AI." In a blog post published by VideaHealth on February 15, 2024, VideaHealth identifies its software as "the first and only pediatric FDA-cleared" dental AI

---

[50] *See* https://www.videa.ai/blog-posts/videahealth-achieves-landmark-fda-clearance-for-30-dental-conditions-heres-what-you-need-to-know (emphasis added).

software.[51] However, the Overjet Caries Assis (FDA 510(k) No. K222746) and the Overjet Periapical Radiolucency Assist (FDA 510(k) No. K231678) have both been cleared by the FDA for patients who are at least 12 years of age – i.e., pediatric patients aged 12-17 and adult patients. Accordingly, Videa Dental Assist is not "[t]he world's first pediatric dental AI," nor the "only pediatric FDA-cleared" dental AI. VideaHealth's marketing of Videa Dental Assist as "[t]he world's first pediatric dental AI" and the "only pediatric FDA-cleared" dental AI is false, misleading, and harmful to Overjet's business.

134.    In the blog post published by VideaHealth on January 4, 2023, VideaHealth announced the "first FDA-cleared pediatric dental AI for patients aged 3 and up," and later in the same blog post, VideaHealth advertises that "[p]roviders can use VideaAI to help diagnose all patients, *regardless of age*." (emphasis added). The FDA cleared VideaHealth's Dental Assist for patients aged 3 and up, not "all patients, regardless of age," as VideaHealth falsely represents.

135.    VideaHealth's false and misleading statements about its products and its competitors' products is very detrimental to Overjet's business. For example, it undermines Overjet's competitive advantages and gives consumers false information upon which to make purchasing decisions.

**I.    Overview of VideaHealth's Infringement of the '046 Patent**

136.    Issuance of the '046 Patent to Overjet provided VideaHealth with constructive notice of the patent and Overjet's patent rights.

---

[51] https://www.videa.ai/blog-posts/ai-in-pediatric-dentistry-shaping-the-future-of-childrens-dental-care.

137.    Videa Dental Assist is a system and method for calibrating measurements from dental radiographic images for automated analysis using machine learning, including to calibrate the measurement of areas of interest of the oral structure.

138.    Videa Dental Assist is a system and method for receiving a dental radiographic image and in an image processor, selecting a segmenter and an object detector, predicting masks and points of the oral structure using the segmenter and the object detector to become part of image metadata.

139.    Videa Dental Assist further provides the dental radiographic image and image metadata to a measurement processor for selecting at least one measurement method of a set of measurement methods according to the dental radiographic image and the image metadata, calculating a sensor pixel to mm (millimeter) ratio using the measurement method, and calculating a calibrated measurement of the oral structure.

140.    VideaHealth has been making, using, selling, or offering for sale in the United States, including within the Commonwealth of Massachusetts, VIDEA DENTAL ASSIST ("Accused Product"), which directly and indirectly infringes the '046 Patent, either literally and/or under the doctrine of equivalents, including at least representative claims 1 and 10 of the '046 Patent under 35 U.S.C. § 271.

141.    A claim chart detailing the manner in which VideaHealth infringes at least independent claims 1 and 10 of the '046 Patent is attached hereto as Exhibit E.

## CAUSES OF ACTION

### COUNT I – FEDERAL TRADEMARK INFRINGEMENT
**15 U.S.C. § 1125(a))**

142.    Overjet repeats and realleges the preceding paragraphs as if fully set forth herein.

143.    Defendant VideaHealth uses the trademark VIDEA DENTAL ASSIST in commerce in connection with its advertising, promotion, and sale of dental AI software without authorization from Overjet.

144.    VideaHealth's acts and conduct as set forth above likely have already caused and will continue to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of VideaHealth with Overjet, or as to the origin, sponsorship, or approval of VideaHealth's goods, services, or commercial activities.

145.    VideaHealth's unauthorized use of the DENTAL ASSIST mark constitutes trademark infringement in violation of Section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a).

146.    VideaHealth's unauthorized use of the DENTAL ASSIST mark will result in harm to Overjet's reputation and its goodwill in its DENTAL ASSIST trademark in the marketplace.

147.    VideaHealth's infringement of Overjet's trademark has been willful, wanton, reckless, and in total disregard of Overjet's rights.

148.    By reason of the foregoing, Overjet has suffered monetary damages and loss of goodwill. VideaHealth's acts and conduct are causing irreparable injury to Overjet, for which there is no adequate remedy at law, and will continue to do so unless this Court enjoins VideaHealth's use of the DENTAL ASSIST trademark.

149.    By reason of the foregoing, Overjet has been damaged and is entitled to injunctive relief and damages in an amount to be proven at trial (although monetary damages, alone, are insufficient to compensate Overjet for VideaHealth's misdeeds).

### COUNT II – TRADEMARK INFRINGEMENT
(Massachusetts Common Law)

150.    Overjet repeats and realleges the preceding paragraphs as if fully set forth herein.

151.    Overjet owns and enjoys common law rights in its DENTAL ASSIST trademark, which are superior to any rights which VideaHealth may claim to any similar mark, including VIDEA DENTAL ASSIST.

152.    VideaHealth is using the mark VIDEA DENTAL ASSIST in Massachusetts in connection with the sale, offer for sale, and advertising and marketing of dental AI software in commerce without authorization from Overjet.

153.    VideaHealth's unauthorized use of the VIDEA DENTAL ASSIST mark is likely to cause confusion, mistake, or deception as to affiliation, connection, or association of VideaHealth and Overjet, and is likely to cause confusion, mistake, or deception regarding the origin, sponsorship, or approval of VideaHealth's goods, services, and commercial activities.

154.    VideaHealth's acts and conduct as set forth herein constitute trademark infringement in violation of Massachusetts common law.

155.    VideaHealth's acts and conduct as set forth herein will result in harm to Overjet's reputation and its goodwill in its trademark in the marketplace.

156.    VideaHealth's acts and conduct as set forth herein has been willful, wanton, reckless, and in violation of Overjet's rights.

157.    VideaHealth's unlawful acts and conduct have intended to cause, likely have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other harm to Overjet's business, reputation, and goodwill.

158.    By reason of the foregoing, Overjet has been damaged and is entitled to injunctive relief and damages in an amount to be proven at trial (although monetary damages, alone, are insufficient to compensate Overjet for VideaHealth's misdeeds).

## COUNT III – COPYRIGHT INFRINGEMENT

159.    Overjet repeats and realleges the preceding paragraphs as if fully set forth herein.

160.    Overjet is the owner of the copyright-protected Overjet Software.

161.    The Overjet Software constitutes original, expressive work, including the computer program and its output screen displays, subject to protection under the copyright laws of the United States.

162.    Overjet is the sole owner of all its rights, title, and interest in and to all copyrights in the Overjet Software, and has properly registered its copyrights with the U.S. Copyright Office.

163.    The Overjet Software contains original material and code and is copyrightable subject matter under applicable law immediately upon creation.

164.    The screen displays protected by Overjet's copyright registrations include copyrightable, expressive matter.

165.    VideaHealth has no right or authority to copy, distribute, or otherwise use the Overjet Software.

166.    On information and belief, without authorization or consent, VideaHealth copied the Overjet Software.

167.    On information and belief, VideaHealth has advertised and distributed and continues to distribute products, services, and/or software that copy the Overjet Software.

168.    On information and belief, VideaHealth's acts of infringement are knowing, willful, and deliberate.

169.    VideaHealth's conduct infringes Overjet's copyrights in violation of the Federal Copyright Act, 17 U.S.C. § 501, et seq.

170.    As a direct and proximate result of VideaHealth's acts of infringement, Overjet has suffered, and will continue to suffer, actual and irreparable injury for which no adequate remedy exists at law.

## COUNT IV – FALSE ADVERTISING
(15 U.S.C. § 1125(a))

171.    Overjet repeats and realleges the preceding paragraphs as if fully set forth herein.

172.    Overjet and VideaHealth are competitors.

173.    VideaHealth made false and misleading descriptions of fact and representations of fact in commercial advertisements and promotions, including those set forth above, about its own products.

174.    VideaHealth's false statements and misrepresentations were and are material, in that they are likely to influence a purchasing decision.

175.    VideaHealth's false statements and misrepresentations have actually deceived, will continue to actually deceive, and have the tendency to deceive a substantial segment of its intended audience.

176.    VideaHealth placed or caused the false and misleading statements to enter interstate commerce.

177.    VideaHealth's conduct violated, and continues to violate, the Lanham Act, 15 U.S.C. § 1125(a).

178.    As a direct and proximate result of VideaHealth's conduct, Overjet has suffered irreparable harm and, absent immediate injunctive relief, will continue to suffer irreparable harm, including without limitation, direct diversion of sales from Overjet to VideaHealth and a lessening of the goodwill associated with Overjet and its products and the loss of Overjet's right to compete fairly in the marketplace.

179.    As a direct and proximate result of VideaHealth's conduct, Overjet has incurred and will likely continue to incur actual damages, entitling Overjet to injunctive relief, corrective advertising, treble damages, the profits derived from the unlawful acts of VideaHealth, and the amount increased pursuant to the principals of equity in accordance with the provisions of 15 U.S.C. §§ 1116, 1117.

180.    To prevent VideaHealth from being unjustly enriched and to deter additional willful false and misleading representations, VideaHealth should be required to disgorge all profits and/or pecuniary gain derived directly or indirectly from VideaHealth's unlawful conduct, as permitted by 15 U.S.C. § 1117 (although monetary damages, alone, are insufficient to compensate Overjet for VideaHealth's misdeeds).

**COUNT V – FALSE ADVERTISING**
(Mass. Gen. Laws c. 266, § 91)

181.    Overjet repeats and realleges the preceding paragraphs as if fully set forth herein.

182.    VideaHealth has published, disseminated, circulated, and placed before the public in Massachusetts promotional materials, and its website, which contain assertions, representations and statements of fact which are untrue, deceptive and misleading.

183.    VideaHealth is continuing to make such false statements and representations.

184.    VideaHealth knew, and continues to know, that such assertions, representations and statements of fact are untrue, deceptive and misleading.

185.    VideaHealth made, and is continuing to make, such false statements and misrepresentations with the intent to sell its products and with the intent to increase the consumption and demand for its products.

186.    VideaHealth's conduct violated, and continues to violate, Massachusetts Gen. Laws c. 266, § 91.

187.    As a consequence of VideaHealth's violations of Massachusetts Gen. Laws c. 266, § 91, Overjet has suffered and continues to suffer irreparable harm.

188.    VideaHealth's violations should be enjoined pursuant to Massachusetts Gen. Laws c. 266, § 91.

## COUNT VI – FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
(15 U.S.C. § 1125(a))

189.    Overjet repeats and realleges the preceding paragraphs as if fully set forth herein.

190.    VideaHealth acted unfairly and deceptively against Overjet.

191.    VideaHealth acted unfairly and deceptively by infringing Overjet's intellectual property rights, including Overjet's trademark, copyrights, patent, and look and feel of its product with Videa Dental Assist and using that infringing product to improperly compete with Overjet.

192.    VideaHealth uses the mark DENTAL ASSIST in commerce in connection with its advertising, promotion, and sale of dental AI software without authorization from Overjet.

193.    VideaHealth copied the protectable, expressive elements of the Overjet Software, including screen displays generated by the copyright-protected computer program.

194.    VideaHealth has made several false and misleading statements in advertising its products, including marketing capabilities for which it has not received FDA clearance, which greatly harms Overjet in the marketplace and which may confuse consumers who rely on indicia of safety and effectiveness (i.e., FDA clearance and open sale on the market).

195.    VideaHealth has engaged in unlawful acts that constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a).

196.    VideaHealth's acts and conduct are causing irreparable injury to Overjet, for which there is no adequate remedy at law, and will continue to do so unless this Court enjoins VideaHealth's use of the DENTAL ASSIST mark, copying, and false advertising.

197.    By reason of the foregoing, Overjet has suffered monetary damages and loss of goodwill.

198.    VideaHealth's conduct as described above has been willful, wanton, reckless, and in total disregard for Overjet's rights.

199.    By reason of the foregoing, Overjet has been damaged and is entitled to injunctive relief and damages in an amount to be proven at trial.

### COUNT VII – UNFAIR COMPETITION M.G.L c. 93A § 11

200.    Overjet repeats and realleges the preceding paragraphs as if fully set forth herein.

201.    Overjet repeats and realleges the preceding paragraphs as if fully set forth herein.

202.    At all times relevant to this action, VideaHealth has been engaged in trade or commerce within the meaning of Mass. Gen. Laws ch. 93A.

203.    The actions of VideaHealth, as described above, constitute unfair and deceptive business practices within the meaning of Mass. Gen. Laws ch. 93A.

204.    VideaHealth acted unfairly and deceptively by infringing Overjet's intellectual property rights, including Overjet's trademark, copyrights, patent, and look and feel of its product with Videa Dental Assist and using that infringing product to improperly compete with Overjet.

205.    VideaHealth acted unfairly and deceptively by making false and misleading statements in advertising its products, including marketing capabilities for which it has not received FDA clearance, which greatly harms Overjet in the marketplace and which may confuse consumers who rely on indicia of safety and effectiveness (i.e., FDA clearance and open sale on the market).

206.    VideaHealth's actions as described above have been willful, wanton, and knowing.

207.    VideaHealth's unfair and deceptive acts as described above took place primarily and substantially in Massachusetts.

208.    VideaHealth's unfair and deceptive acts have caused harm to Overjet and will continue to cause harm to Overjet's business, reputation, and goodwill.

209.    As a result of VideaHealth's unfair and deceptive acts, Overjet has suffered and will continue to suffer a loss of money (although monetary damages, alone, are insufficient to compensate Overjet for VideaHealth's misdeeds).

210.    As a result of VideaHealth's conduct in violation of Chapter 93A as described herein, Overjet is entitled to recover actual damages in an amount to be proven at trial, such amount to be doubled or trebled, injunctive relief, and attorneys' fees and costs pursuant to Mass. Gen. Laws ch. 93A.

## COUNT VIII – UNFAIR COMPETITION (common law)

211.    Overjet repeats and realleges the preceding paragraphs as if fully set forth herein.

212.    VideaHealth acted unfairly and deceptively against Overjet.

213.    VideaHealth acted unfairly and deceptively by infringing Overjet's intellectual property rights, including Overjet's trademark, copyrights, patent, and look and feel of its product with Videa Dental Assist and using that infringing product to improperly compete with Overjet.

214.    VideaHealth's unfair and deceptive acts took place primarily and substantially in Massachusetts.

215.    By making false statements and misrepresentations in connection with its advertising and promotions in Massachusetts, VideaHealth has engaged in unfair competition.

216.    By violating Overjet's copyrights in the screen displays generated by the Overjet Software, VideaHealth has engaged in unfair competition.

217.    By using the VIDEA DENTAL ASSIST mark in Massachusetts in connection with the sale, offer for sale, and advertising and marketing of dental AI software in commerce without authorization from Overjet, VideaHealth has engaged in unfair competition.

218.    Overjet has suffered irreparable harm and, absent immediate injunctive relief, will continue to suffer irreparable harm as a result of VideaHealth's false statements and misrepresentations. Such harm includes, but is not limited to, the loss of Overjet's right to compete fairly in the marketplace and the direct diversion of sales from Overjet to VideaHealth and a lessening of the goodwill associated with Overjet which would not have occurred but for VideaHealth's false statements and misrepresentations.

## COUNT IX – DIRECT PATENT INFRINGEMENT
(35 U.S.C. § 271(a))

219.    Overjet repeats and realleges the preceding paragraphs as if fully set forth herein.

220.    VideaHealth has made, used, sold, offered to sell, or imported at least the Accused Product, Videa Dental Assist, which includes each and every element of at least representative Claims 1 and 10 of the '046 Patent, and therefore VideaHealth directly infringes, either literally and/or under the doctrine of equivalents, at least Claims 1 and 10 of the '046 Patent in violation of 35 U.S.C. § 271(a).

221.    A claim chart explaining in detail the manner in which VideaHealth infringes at least representative Claims 1 and 10 of the '046 Patent is attached hereto as Exhibit E and incorporated by reference.

222.    On information and belief, VideaHealth knew or should have known of the '046 Patent, and knew or was willfully blind to the fact that the use of its VIDEA DENTAL ASSIST software by dentists, hygienists, and dental service organizations would infringe the '046 Patent.

223.    On information and belief, VideaHealth's infringement of the '046 Patent is, and has been, willful.

224.    Overjet has been damaged, and continues to be damaged, by VideaHealth's infringement of the '046 Patent in an amount to be determined at trial (although monetary damages, alone, are insufficient to compensate Overjet for VideaHealth's infringement).

225.    Overjet has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless VideaHealth's infringement of the '046 Patent is enjoined by this Court.

## COUNT X – INDIRECT PATENT INFRINGEMENT
### (35 U.S.C. § 271(b)-(c))

226.    Overjet repeats and realleges the preceding paragraphs as if fully set forth herein.

227.    VideaHealth has induced, and continues to induce, infringement of at least Claims 1 and 10 of the '046 Patent in violation of 35 U.S.C. § 271(b) by encouraging, recommending, and promoting the use of VideaHealth's VIDEA DENTAL ASSIST software by dentists, hygienists, and dental service organizations to calibrate measurements from dental radiographic images for automated analysis using machine learning, including to know the size of areas of interest.

228.    VideaHealth has contributed, and continues to contribute, to the infringement of at least Claims 1 and 10 of the '046 Patent in violation of 35 U.S.C. § 271(c) by offering to sell and selling the VIDEA DENTAL ASSIST software, which is especially made or adapted for use in an infringing manner and which is not a staple article or commodity of commerce suitable for substantial non-infringing use.

229.    On information and belief, VideaHealth knew or should have known of the '046 Patent, and knew or was willfully blind to the fact that the use of its Videa Dental Assist software by dentists, hygienists, and dental service organizations would infringe the '046 Patent.

230.    On information and belief, VideaHealth's infringement of the '046 Patent is, and has been, willful.

231.    Overjet has been damaged, and continues to be damaged, by VideaHealth's infringement of the '046 Patent in an amount to be determined at trial (although monetary damages, alone, are insufficient to compensate Overjet for VideaHealth's infringement).

232.    Overjet has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless VideaHealth's infringement of the '046 Patent is enjoined by this Court.

<strong>JURY DEMAND</strong>

233.    Overjet demands a jury trial on all counts so triable.

<strong>REQUEST FOR RELIEF</strong>

234.    Overjet respectfully requests that the Court:

a.    Enter judgment in favor of Overjet against VideaHealth on all Counts of the Complaint;

b.    Grant Overjet a preliminary and permanent injunction against VideaHealth, its agents, representatives and all other persons in active concert or privity or in participation with them to enjoin them from directly or indirectly infringing Overjet's trademarks, copyrights, and patents, and to enjoin them from unfair competition and false advertising;

c.    Require VideaHealth to account and pay over to Overjet all gains, profits, and advantages resulting from its unlawful conduct, the damages which Overjet has sustained by reason of the conduct alleged herein, or such other sum as the Court shall find to be just under 15 U.S.C. § 1117, 35 U.S.C. §§ 284-85, 17 U.S.C. § 101 et seq., Massachusetts law, and other applicable law;

d.      Disgorgement of VideaHealth's profits earned as a result of their unlawful conduct;

e.      Award attorneys' fees, costs, and treble damages for violation of M.G.L. c. 93A;

f.      Award Overjet enhanced damages for willful infringement under 35 U.S.C. § 284;

g.      Award Overjet costs and attorneys' fees pursuant to 35 U.S.C. § 285 and 17 U.S.C. § 505 and otherwise, including expenses and interest; and

h.      Award such other and further relief as this Court deems just and proper.

Dated: February 23, 2024                     Respectfully submitted,

                                             OVERJET, INC.,

                                             By its attorneys,

                                             /s/ Sharona H. Sternberg
                                             Sharona H. Sternberg (BBO #682384)
                                             Eric G. J. Kaviar (BBO #670833)
                                             Katherine W. Soule (BBO #703965)
                                             Sunstein LLP
                                             100 High Street, 20th Floor
                                             Boston, Massachusetts 02110
                                             ssternberg@sunsteinlaw.com
                                             ekaviar@sunsteinlaw.com
                                             ksoule@sunsteinlaw.com
                                             Telephone: (617) 443-9292
                                             Facsimile:  (617) 443-0004